UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OTIS BRUCE,

Plaintiff,

-v-

ITW BUILDING COMPONENTS GROUP, INC.,

Defendant/Third-Party Plaintiff,

-v-

KORA COMPONENTS, LLC,

Third-Party Defendant.

CIVIL ACTION NO. 26 Misc. 552 (JHR) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

This action has been referred to the undersigned for general pretrial management and report and recommendations on dispositive motions. (Dkt. No. 7). The Court is in receipt of the motion filed by Defendant and Third-Party Plaintiff ITW Building Components Group, Inc. ("ITW-BCG") seeking to compel nonparty PDJ Components, Inc. ("PDJ") to comply with the subpoena to produce documents (the "Subpoena") served in connection with the action Bruce v. ITW Building Components Group Inc., No. 23 Civ. 398 (AJB) (PJE) (N.D.N.Y.) pending in the Northern District of New York ("N.D.N.Y."). (Dkt. Nos. 1; 1-1–1-6 (the "Motion")). Although ITW-BCG filed proof of service of the Subpoena on PDJ (Dkt. No. 1-6), it has not filed proof of service of the Motion on PDJ, nor has it filed proof of service of the Motion on Plaintiff Otis Bruce ("Bruce")[1] or Third-Party Defendant Kora Components, LLC ("Kora").

[1] ITW-BCG stated in the Motion that it "conferred with [Bruce's] counsel about the instant Motion" and that "[Bruce's] counsel does not oppose the Motion." (Dkt. No. 1-2 at 1 n.1). Bruce, however, is listed as

By **November 30, 2026**, ITW-BCG shall file proof of service of the Motion on PDJ, Bruce, and Kora.

To conserve resources, to promote judicial efficiency, and in an effort to achieve a faster disposition of this matter, **within two weeks of receiving service of the Motion**, counsel for PDJ shall file a notice of appearance (the "NoA").[2] **Within two weeks of PDJ's counsel filing the NoA**, the parties and PDJ shall meet and confer and file a joint letter advising the Court whether the parties and PDJ consent to transfer of the Motion to the N.D.N.Y. pursuant to Federal Rule of Civil Procedure 45(f). If so, the Court will promptly transfer the Motion to the N.D.N.Y. The parties and PDJ are not required to consent to transfer the Motion.

Dated: New York, New York
November 18, 2026

SO ORDERED.

[signature]

**SARAH L. CAVE**
**United States Magistrate Judge**

---

a pro se plaintiff on the docket, and no counsel has filed a notice of appearance on behalf of Bruce. Accordingly, as stated below, ITW-BCG shall file proof of service of the Motion on Bruce.

[2] PDJ is put on notice that, as a corporation, it must appear through counsel in this action and cannot appear pro se. See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202–03 (1993) (noting that courts do not allow corporations to appear in court without a licensed attorney) (collecting cases); Kenyatta v. City of New York, No. 25 Civ. 2868 (KMW), 2025 WL 1984391, at *2 (S.D.N.Y. July 16, 2025) (same).